# CRIMINAL CASES.

## COMMONWEALTH *vs.* INHABITANTS OF HAVERHILL.

Under Gen. Sts. *c.* 63, § 59, the mayor and aldermen of cities or selectmen of towns have no authority to lay out a way across any portion of the land, not exceeding five rods in width, which has been taken by a railroad corporation for their railroad, unless permis sion so to do has been granted by the county commissioners.

INDICTMENT for a nuisance in a town way in Haverhill, known as Washington Avenue.

At the trial in the superior court, before *Brigham,* J., it appeared that the nuisance complained of consisted of a stone wall erected by the Boston and Maine Railroad within the limits of the land duly taken and occupied by them for their railroad according to law. In 1860 the selectmen of Haverhill, without obtaining or applying for permission from the county commissioners, undertook to lay out as a town way the street in question, which then existed as a private way, and, at its junction with Washington Street, included and was laid out over a small portion of the land of the railroad company, within the limits of their location, upon which the stone wall was erected. The town accepted the report by the selectmen of their proceedings in laying out the way, and have since kept the way in proper repair, to the line of the wall of the railroad which extended along their line, and left about two thirds of the located limits of the town road open for travel, at its entrance upon Washington Street; but the land covered by the obstruction has never been entered upon by the town, except so far as the location may have been an entry. The judge instructed the jury that the proceedings of the town operated to establish Washington Avenue as a town way, according to its location, to the rails of the railroad.

The jury returned a verdict of guilty, and the defendants alleged exceptions.

*J. J. Marsh,* for the defendants, cited Gen. Sts. *c.* 43, § 61;

*c.* 63, §§ 17, 18, 57, 58, 59; *St.* 1862, *c.* 203; *St.* 1863, *c.* 108 *Boston & Maine Railroad* v. *Mayor, &c. of Lawrence,* 2 Allen, 107; *Hazen* v. *Boston & Maine Railroad,* 2 Gray, 580.

*Foster,* A. G., for the Commonwealth, cited Gen. Sts. *c.* 43, § 76; *Commonwealth* v. *Petersham,* 4 Pick. 119; *Commonwealth* v. *Weiher,* 3 Met. 447; *Haskell* v. *County Commissioners,* 9 Gray, 341.

MERRICK, J. The mayor and aldermen of cities and selectmen of towns cannot lawfully lay out and establish a town way across a railroad, without first obtaining authority therefor from the county commissioners. Gen. Sts. *c.* 63, § 59. The word "railroad," as used in this section, is to be interpreted as meaning all the land, not exceeding five rods in width, taken by a railroad corporation for their road, which is included within the location thereof, filed according to law with the commissioners of the county within which the land is situate. The track or iron rails on which cars and carriages are to pass and travel may be laid down on any part of the surface of the land within the limits of the location, and they may be changed and shifted from place to place thereon, as may be required for the convenience or reasonable accommodation of the company, which may also erect on the land such structures and buildings as are reasonably incident to the support of the road. *Worcester* v. *Western Railroad,* 4 Met. 564. These are very important rights and privileges, and it is obvious that the legislature did not intend that they should be interfered with or in effect taken away from the corporation, by the laying out of a town way, unless the public convenience and necessity therefor should appear to the county commissioners to be so plain and manifest as to induce them to authorize the municipal authorities to make the location.

No such authority was given by the commissioners of the county of Essex to the selectmen of the town of Haverhill to lay out the way called Washington Avenue over the railroad. If, therefore, the description of the town way, as laid out by the selectmen, does cover or include any part of the land within the limits of the location of the railroad, to that extent the laying

out of the town way was unauthorized, and is void. The instructions to the jury should have been to that effect. Having been otherwise, they were erroneous, and the defendants' exceptions thereto must be sustained.